IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCUS BROOKING,**<br>　　　Petitioner,<br><br>　　　v.<br><br>**SUPT. MCGINLEY**, *et al.*,<br>　　　Respondents. | Case No. 2:21-cv-02239-JDW |

### MEMORANDUM

Marcus Brooking seeks a writ of *habeas corpus* from the Commonwealth of Pennsylvania. Magistrate Judge Artega recommends that I deny the Petition. After considering Mr. Brooking's Objection, I concur with Judge Artega. I will therefore overrule Mr. Brooking's objections, adopt Judge Artega's Report & Recommendation, and deny the Petition with prejudice.

### I.   BACKGROUND

For purposes of this opinion, I adopt the factual recitation in Judge Arteaga's R&R. On December 8, 2014, Mr. Brooking pled guilty to the murder of Julius Black. He is serving 23 to 46 years' incarceration at SCI Coal Township Correctional Institution in Pennsylvania. Mr. Brooking asserts that violations of his Fourth, Sixth, and Fourteenth Amendment rights infected his trial.

Mr. Brooking asserts the following claims:

- The state trial judge admitted DNA evidence procured by a defective warrant in violation of the Fourth Amendment (Claim 1);

- Mr. Brooking's trial counsel failed him (and violated the Sixth Amendment) (a) in connection with a suppression motion (Claim 2(a)); (b) by failing to inform him that he could appeal the trial court's suppression decision (Claim 2(b)); (c) by discussing plea offers with him, suggesting that Mr. Brooking accept those offers, and compelling Mr. Brooking to plead guilty (Claim 2(c)); (d) by failing to move to suppress video evidence that the prosecution did not timely disclose (Claim 2(d)); (e) by failing to challenge an affidavit (Claim 2(e)); and (f) by failing to move to suppress DNA evidence that violated a proper chain of custody (Claim 2(f));

- The prosecution submitted evidence that it did not timely disclose in violation of the Fourteenth Amendment (Claim 3); and

- The prosecution submitted DNA evidence that violated a proper chain of custody (Claim 4).

(*See* ECF No. 2-1 at 2-12).

On May 21, 2021, I referred Mr. Brooking's Petition to the Magistrate Judge Strawbridge for an R&R. When Judge Strawbridge retired, the Court reassigned the matter to Judge Arteaga. On January 16, 2024, Judge Arteaga issued his R&R. He concluded that Claim 1 is not cognizable, that Claims 2(a)-(b) and (d)-(f) are

unexhausted and procedurally defaulted, and that Claims 2(c), 3, and 4 are meritless. He recommends that I dismiss the Petition with prejudice.

Mr. Brooking filed objections to the R&R on May 9, 2024. Some of his objections argue with the Commonwealth's response before Judge Artega, rather than objecting to the R&R. But he's proceeding *pro* se, so I construe these arguments liberally as objections. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

## II.     LEGAL STANDARD

A federal court can grant a petition for a writ of *habeas corpus* when a state unconstitutionally holds someone in custody. *See* 28 U.S.C. § 2254(a). For cases that arise from state courts, a federal judge may not grant such a writ unless the state proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A district judge reviews *de novo* those portions of an R&R to which a petitioner objects. *See* 28 U.S.C. § 636(b)(1). The judge may otherwise "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. DISCUSSION

### A. Claim 1

As Judge Artega concluded, Mr. Brooking's Fourth Amendment claim is not available because he did not appeal the Common Pleas Court's decision, even though he could have done so. *Habeas* review of Fourth Amendment claims is not available when a state gives a petitioner a "full and fair opportunity" to litigate the issue in state court. *Stone v. Powell*, 428 U.S. 465, 493 (1976). A state provides a full and fair opportunity to litigate a claim if it "provid[es] procedures by which one can litigate" that claim. *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). A defendant does not therefore need to use the available procedures for a state to satisfy *Stone*. *See id.*

Mr. Brooking litigated his Fourth Amendment claim in state court when his counsel filed a motion to suppress the DNA evidence. He didn't appeal, but he could have. That is, he had available to him a procedure by which he could litigate his claim, he used that procedure, and he waived his right to appeal the suppression decision. That renders the claim not cognizable.

In his Objection, Mr. Brooking cites *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986), a case in which the Supreme Court held that *Stone* does not bar Sixth Amendment claims "based primarily on incompetent handling of Fourth Amendment issues." *Id.* at 378. But *Kimmelman* focuses on Sixth Amendment ineffective assistance of counsel claims that arise from arguments relating to Fourth Amendment violations.

That's not at issue in Claim 1; Mr. Brooking asserts in that Claim that the *trial judge*, not his lawyer, "erroneously admitted DNA evidence that was illegally procured." (ECF No. 2-1 at A-1). *Kimmelman* therefore doesn't apply because it does not apply to judges.

### B.     Ineffective Assistance Of Counsel Claims

#### 1.     Procedurally defaulted claims

Mr. Brooking tried to raise ineffective assistance of counsel claims on direct appeal in state court. But Pennsylvania law requires a defendant to raise ineffective assistance counsel of claims in a collateral PCRA proceeding, not on direct appeal, so the Superior Court dismissed those arguments. *See Com. V. Brooking*, 181 A.3d 588 (table), No. 806 EDA 2015, 2016 WL 530018, at *4 (Pa. Sup. Ct. Feb. 8, 2016). In PCRA proceedings, Mr. Brooking only raised his claim that his trial counsel pressured him into pleading guilty.

A federal court cannot grant a *habeas* petition if the petitioner has not "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "[C]laims deemed exhausted because of a state procedural bar are procedurally defaulted." *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (citation omitted). Courts do "not review federal claims that were procedurally defaulted in state court – that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 582 U.S. 521, 527 (2017). Mr. Brooking did not pursue

5

Claims 2(a), (b), (d), (e), or (f) through a final appeal in state court, and the time for him to do so has run, so he has procedurally defaulted them.

A court can excuse a defaulted claim if ignoring the claims causes a "fundamental miscarriage of justice" or if there is "cause" to justify the failure to comply with state procedure and "actual prejudice resulting from the constitutional violation." *Id.* at 528.[1] To show cause, a petitioner must demonstrate that an "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Davila*, 582 U.S. at 528 (quoting *Murray*, 477 U.S. at 488). A lawyer's own performance is generally not an external factor. *See Murray*, 477 U.S. at 486. The fact that the lawyer failed to raise a particular legal or factual claim is insufficient, on its own, to demonstrate cause because a lawyer does not have to raise every conceivable constitutional claim. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982).

Mr. Brooking's response accuses his counsel of violating the Sixth Amendment by not raising the Fourth Amendment claim during his PCRA appeal. But that claim lacked merit, and so there was no actual prejudice for the reasons that Judge Artega describes in footnote 4 of the R&R. (See ECF No. 13 at 11 n.4). And other than the fact that this counsel didn't make the argument, Mr. Brooking does not point to any evidence to

---

[1] The miscarriage of justice excuse applies in rare cases where a constitutional infelicity probably caused the conviction of someone who is "actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Mr. Brooking pled guilty, so I have no basis to excuse his default on that basis.

6

establish an objective factor external to his defense that affected his ability to comply with the Commonwealth's procedural requirements concerning the perfection of the appeal of the Fourth Amendment issues.

### 2. Claim 2(c)—forced guilty plea

Mr. Brooking exhausted his claim that his trial counsel forced him to plead guilty and was therefore constitutionally ineffective. To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel performed "below an objective standard of reasonableness" and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There is a "strong presumption" that counsel did not perform deficiently. *Id.* at 689. In this context, to demonstrate prejudice, a petitioner must show that "but for counsel's errors, he would not have pleaded guilty." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (internal quotations omitted)). Judge Arteaga found no prejudice because the trial judge conducted plea colloquies to confirm Mr. Brooking knowingly, intentionally, and independently desired to plead guilty. I agree. To the extent Mr. Brooking felt pressured to plead guilty, the colloquy was the time to voice that view.

Mr. Brooking also claims that his trial lawyer violated his Sixth Amendment right to "autonomy." (ECF No. 2-1 at 5). The R&R leaves this argument untouched. In *McCoy v. Louisiana*, 584 U.S. 414 (2018), the Supreme Court held that the *Strickland* prejudice

7

analysis was unnecessary when an attorney pled guilty on his defendant's behalf. The defendant steadfastly rejected the strategy, audibly objecting in court as his attorney confessed his client's guilt before the jury. The Supreme Court held that "assistance of counsel" has limits; it does not extend to setting the fundamental objectives of the defense. *See id.* at 422. Defendants set objectives by making fundamental choices about their case, while lawyers deploy tactics "about how best to *achieve* [those] objectives." *Id.* The most fundamental choice over which a defendant has control is whether to proclaim guilt or innocence. *Id.*

Mr. Brooking argues that his trial counsel failed to abide by two "objective(s)," "discuss any pleas and to proceed with trial." (ECF No. 2-1 at 5-6). He argues that his counsel violated his autonomy rights by "relaying" offers to plead, "suggest[ing] that Mr. Brooking accept" pleas, and misleading Mr. Brooking about his rights. (ECF No. 2-1 at 5). This argument fails for several reasons.

*First*, relaying plea offers cannot violate the Sixth Amendment because doing so is an attorney's Sixth Amendment obligation so that a defendant can make an informed decision about what to do. *See Padilla v. Kentucky*, 559 U.S. 356, 373 (2010).

*Second*, a lawyer's recommendation that his client accept a guilty plea is not, on its own, improper compulsion. To the contrary, an attorney must give his client the benefit of his thinking, including his recommendations and the reasons for those recommendations, so that the client can make an informed decision about what to do.

8

*Third*, and finally, Mr. Brooking has not shown that his counsel misled him about his right to appeal the trial court's suppression decision. The PCRA Court concluded that Mr. Brooking's testimony on this point was not credible. In any event, during the plea colloquy, the trial court discussed with Mr. Brooking the possibility of appealing the suppression decision, so Mr. Brooking had the chance to ask any questions at that point. That's the purpose of a colloquy.

Ultimately, the record does not demonstrate that Mr. Brooking's lawyer led to an compelled guilty plea. His plea might have been reluctant, and it might have come after he initially declared that he wanted to go to trial. But subsequent developments—like the trial court's rejection of his suppression motion—gave him reason to revisit that decision, and the plea colloquy made sure that he knew what he was doing when he pled guilty. *See Commonwealth v. Brooking*, 237 A.3d 461 (Pa. Super. Ct. 2020) (unpublished table decision) (quoting the trial record).

In *McCoy*, the defendant never deviated from his stated intent to go to trial. His counsel pled guilty for him anyway. That's not this case. Mr. Brooking's lawyer gave him advice and let him plead guilty, but Mr. Brooking decided to plead guilty on his own. It was a hard decision, but it was his to make, and he made it. That makes this case different from *McCoy*.

### C.     Claims 3 and 4

Judge Arteaga concluded that Mr. Brooking's Fourteenth Amendment Due Process arguments are meritless because they do not meet the appropriate standard that the state court either contravened "clearly established Federal law" determined by the Supreme Court or caused a "decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). The factual determinations of state courts are presumptively correct, and petitioners must overcome this presumption by clear and convincing evidence. See *Dellavecchia v. Sec'y Pa. Dep't of Corr.*, 819 F.3d 682, 692 (3d Cir. 2016). Mr. Brooking does not address this presumption in his Objection; he just repeats his arguments in the Petition. But his arguments aren't enough to overcome this presumption. The trial court concluded that Mr. Brooking had not established that production of video evidence would have changed his defense. Mr. Brooking has no evidence that that factual conclusion was wrong.

Mr. Brooking also claims that the Commonwealth violated his rights because the DNA evidence had a gap in its chain of custody. That was a trial issue, and Mr. Brooking waived that issue when he pled guilty. Had he proceeded to trial, the Commonwealth could have explained any gap, and a jury could have decided its significance. In the absence of that, there's no violation of his due process rights.

**IV.   CONCLUSION**

Having considered the objections to Judge Arteaga's R&R, I conclude that Mr. Brooking has not shown that he is entitled to *habeas* relief. I will therefore adopt the R&R, overrule the objections, and deny the Petition. An appropriate Order follows.

                            **BY THE COURT:**

                            */s/ Joshua D. Wolson*
                            JOSHUA D. WOLSON, J.

June 28, 2024